UNITED STATES

v.

Richard A. NELSON, Defendant.

No. 04 CR. 0021(VM).

United States District Court,
S.D. New York.

April 4, 2005.

Sarah Y. Lai, New York City, for Plaintiff.

Barry Turner, Steven M. Statsinger, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Following a jury trial in the above-captioned case, the defendant, Richard A. Nelson ("Nelson"), was convicted of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After the completion of the trial, the United States Attorney's Office for the Southern District of New York (the "Government") filed a motion by letter dated March 18, 2005 for Nelson to be remanded to the custody of the Federal Bureau of Prisons pending sentencing. Nelson replied by letter dated March 23, 2005 and the Government responded to Nelson's reply by letter dated March 28, 2005. The Court held a hearing on this matter on March 29, 2005 (the "March 29th Hearing").

For the reasons set forth in the statement made by the Court on the record at the March 29th Hearing, as further elaborated upon in the Statement of the Court which is attached hereto and incorporated herein, the Court grants the Government's motion. Accordingly, it is hereby **ORDERED** that the motion of the United States Attorney's Office for the Southern District of New York for defendant Richard A. Nelson to be remanded to the custody of the Federal Bureau of Prisons pending sentencing is GRANTED.

**SO ORDERED.**

### STATEMENT OF THE COURT REGARDING REVOCATION OF BAIL AND REMAND

On March 16, 2005, a jury found Richard A. Nelson ("Nelson") guilty of possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"). After the jury returned its verdict, the Government moved for Nelson, who had been released on bail after being arrested, to be remanded to the custody of the Federal Bureau of Prisons pending sentencing. The Court denied that motion based on its determination that Nelson did not pose a danger to the community and was not likely to flee. There was no discussion at that time raising the issue as to whether remand in this case was mandatory under the relevant statute.

By letter dated March 18, 2005, the Government brought to the Court's attention a Second Circuit case indicating that post-conviction detention is mandatory in Nelson's case. In *United States v. Dillard*, 214 F.3d 88 (2d Cir.2000), the Court of Appeals held that the crime of possession of a weapon as a convicted felon qualifies as a "crime of violence," as that term is defined by the Bail Reform Act of 1984 (the "Act"). Based on *Dillard*, the Government argues that Nelson has been convicted of a crime of violence and that, pursuant to 18 U.S.C. § 3143(a)(2), the Court must order him detained unless: (1) the Court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the Government "has recommended that no sentence

of imprisonment be imposed" and (2) the Court finds "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defense counsel, by letter dated March 23, 2005, filed a written opposition to the Government's motion, to which the Government in turn responded on March 28, 2005. Defense counsel argues that the facts in *Dillard* may be distinguished from those in Nelson's case on the grounds that there was evidence in *Dillard* that the defendant "had actually fired the weapons shortly before his arrest," while "there is no evidence that the weapons in Nelson's home [were] ever used by him." (Letter to Judge Marrero from Barry Turner dated March 23, 2005 ("Turner Letter") at 1.) Defense counsel further argues that, even if Nelson's crime counts as a crime of violence under the Act, Nelson is not subject to mandatory detention because there is a substantial likelihood that a new trial will be granted. (*Id.*) The Court will address these contentions in turn.

First, the Court agrees with the Government's statement that "[w]hether [or not] the facts of [*Dillard*] and [Nelson's case] can be distinguished is immaterial, as the Second Circuit in *Dillard* simply interpreted the meaning of the phrase 'crime of violence' under the Bail Reform Act, and determined ... that the elements of a charge under 18 U.S.C. § 922(g)(1) ... fit that meaning." (Letter to Judge Marrero from Vincent Tortorella dated March 28, 2005 ("March 28th Letter") at 1.) Because the holding in *Dillard* was based exclusively on the elements of section 922(g)(1), rather than on the particular facts underlying Dillard's conviction under that statute, the Court concludes that the crime for which Nelson was con-

victed must be deemed a crime of violence under the Act.

The Court also finds the Government's reasoning persuasive with respect to defense counsel's argument that Nelson is not subject to mandatory detention because there is a substantial likelihood that a new trial will be granted in his case. Defense counsel bases this argument on the Government's failure to disclose, prior to the Court's resolution of Nelson's suppression motion, the New York City Police Department disciplinary records of three of its witnesses who are police officers. According to defense counsel, had the Government disclosed this information while Nelson's suppression motion was pending, "it would have resulted in a hearing on those issues." (Turner Letter at 1.) Thus, defense counsel contends, "there is a substantial issue on appeal as to whether Richard Nelson's due process rights were violated by the government." (*Id.*)

Be that as it may, as the Government points out in its March 28th Letter, "the merit of an appellate argument is immaterial to determining whether detention pending a sentence is mandatory after a conviction of a crime of violence. The only ripe consideration is whether there is a substantial likelihood of success of a motion for acquittal, under [Federal] Rule [of Criminal Procedure] 29, or a motion for a new trial, under [Federal] Rule [of Criminal Procedure] 33." (March 28th Letter at 2.) Because Nelson has not made either of these motions, and because these motions would now be untimely, the Court cannot find that there is any likelihood that such motions would be granted. Given that the Government has not recommended that no sentence of imprisonment be imposed on Nelson, the Court concludes that Nelson does not fall under the exception to mandatory detention set forth at 18 U.S.C. § 3143(a)(2).

For these reasons, the Court orders that Nelson be remanded to the custody of the Federal Bureau of Prisons pending sentencing in this matter.